171 So. 47

## SMITH v. LIBERTY INDUSTRIAL LIFE INS. CO., Inc.

No. 33967.

Nov. 4, 1936.

Loys Charbonnet and E. B. Charbonnet, Jr., both of New Orleans, for relator Liberty Industrial Life Ins. Co.

John T. Charbonnet, of New Orleans, for respondent Mrs. Lue Ethel Smith.

HIGGINS, Justice.

This is an action by the beneficiary of an industrial insurance policy, issued by defendant, on the life of her deceased husband, to recover the sum of $500, the face value thereof, the policy having lapsed, due to nonpayment of premium, after having been in existence for more than three years, but was in effect under the extended insurance clause of the policy and the provisions of Act No. 193 of 1906, as amended by Act No. 57 of 1932, at the time of the death of the deceased.

The defenses are that after the policy lapsed, a policy of term insurance for a year and nine months for the sum of $500 was issued to the insured under the provisions of the original policy and Act No. 193

of 1906, as amended; and that, after the term insurance had run for a period of one year, the defendant's agent entered into a verbal agreement with the insured for the cancellation and surrender of the term policy for another policy of $300.

There was judgment in favor of the plaintiff, as prayed for, on the ground that the wife of the insured had been imposed upon in agreeing to cancel and surrender the $500 policy for the $300 policy. The defendant appealed, and the Court of Appeal concluded that the defendant's agent "cajoled" the beneficiary into an agreement which was to her disadvantage, and that such a waiver of the insured's rights was prohibited by the provisions of Act No. 193 of 1906, as amended. 167 So. 100, 102. A rehearing was refused.

We granted a writ of certiorari upon defendant's application, which assigns the following errors in the Court of Appeal's opinion:

"1. The Court of Appeal erred in holding that Act No. 193 of 1906 had any application to this case, since that Act expressly excludes from its provisions policies of term insurance for twenty years or less.

"2. The Court of Appeal erred in holding that there was an attempt on the part of the Company to have the insured waive his rights, which were protected by Act No. 193 of 1906.

"3. The Appellate Court erred in holding that the words, 'that any value allowed in lieu thereof,' which appears in the Act, prevent the giving up of a term policy

for less than the amount of its 'coverage value.'

"4. The Court of Appeal erred in holding that a sufficient 'value' had not been given for the cancellation of the policy."

We shall decide these issues in the above order, discussing the first two jointly:

■■ 1, 2. Ingenious counsel argue that since the reserve provided for in the policy was used in accordance with the provisions of the policy and Act No. 193 of 1906, as amended, to give the insured and beneficiary extended insurance, the transaction was completed when the term insurance policy was issued, and therefore Act No. 193 of 1906, as amended, has no further application because it expressly excludes term insurance. We do not consider this argument either logical or sound, because, unquestionably the original policy, the one sued upon, came within the provisions of the statute. The extended insurance was not a new policy but merely the right granted by a provision in the original policy and the provisions of the statute. This extended insurance was paid for out of the reserve or cash surrender value of the original policy, in accordance with a clause to that effect therein contained. The fact that the company issued a second policy in the form of term insurance for one year and nine months was nothing more than a recognition of the provisions of the original policy upon which all of the plaintiff's rights are founded. It was not necessary to issue a separate or new term insurance policy to the effect that it had lapsed and the insured had failed to exercise any one of the three options, i. e.,

cash surrender value, a paid-up policy, or extended insurance, and that the law automatically exercised the option for the insured for extended insurance for the period that the cash surrender value would purchase at the insured's age, as set forth in the policy. The contention that, after complying with the provisions of the statute in granting the insured extended insurance, the act did not further apply and the insured or beneficiary could then waive their rights, ignores the plain purpose of the statute and the legislative intent to prevent innocent and uninformed policyholders and their beneficiaries from waiving the valuable rights granted them and sought to be protected. The first two points are without merit.

3. The concluding part of section 2 of Act No. 193 of 1906, as amended by Act No. 57 of 1932, reads as follows:

*"And provided, further, that any attempted waiver of the provisions of this paragraph in any application, policy or otherwise, shall be void, and that any value allowed in lieu thereof shall be at least equal to the net value of temporary insurance or of the temporary and pure endowment insurance herein provided for.* The term of temporary insurance herein provided for shall include the period of grace, if any."  (Italics ours.)

Defendant's contention here is similar to its argument with reference to the first two points—that this provision only applies to the original policy. It will be noted that an attempted waiver of the benefits of the statute is not only prohibited from being placed in the application and in the policy, but "otherwise." The reserve of the original policy, as we have already pointed out, was used to grant the insured and the beneficiary the benefit of extended insurance. To say that the statute had been fully complied with by the issuance of the term insurance policy and that the insured or his beneficiary could then waive the rights granted and protected by the statute, i. e., extended insurance, would indeed be placing an unwarranted interpretation upon the language of the statute.

4. As pointed out by the Court of Appeal, the company in consideration of the surrender and cancellation of an insurance policy for $500, which had nine months to run and which had cost the insured a premium equivalent to $1.60 per month out of the cash reserve of the original policy, granted the insured and his wife, as beneficiary, a $300 policy and waived one month's premium, or $1.05. The transaction was manifestly unfair and therefore properly held to be without legal effect under the statute.

For the reasons assigned, the writ of certiorari is recalled and vacated, and the judgment of the Court of Appeal is affirmed, at relator's costs.

O'NIELL, C. J., concurs in the decree, but is of the opinion that it is not necessary for the court to go further than to affirm the judgment of the Court of Appeal on the ground on which it was based, that is to say, that the wife of the insured, as beneficiary under the policy, was imposed upon in her agreement to surrender the $500 policy for the $300 policy.